IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | |
|---|---|
| **CHRISTINE ALLEN**, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. |
| vs. | ) ) **COLLECTIVE AND CLASS** ) **ACTION COMPLAINT** |
| **AMARAMEDICAL HEALTH CARE SERVICES, INC.**, | ) ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) ) |

Plaintiff Christine Allen ("Named Plaintiff"), on behalf of herself and others similarly situated, for her collective and class action Complaint against Defendant AmaraMedical Health Care Services, Inc. ("Defendant"), states as follows:

### INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111.

2. Named Plaintiff brings this case as a FLSA "collective action" on behalf of herself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P.23 on behalf of herself and other similarly situated persons who worked for Defendant in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Named Plaintiff's claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Named Plaintiff's claims occurred in this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Named Plaintiff is an adult individual residing in Addyston, Ohio. Named Plaintiff's Consent to Join form is attached hereto as **Exhibit 1**.

8. Named Plaintiff has been employed by Defendant as a non-exempt hourly employee from approximately 2014 until present.

9. At all relevant times, Named Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and Ohio law.

10. At all relevant times, Named Plaintiff and other similarly situated employees were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Defendant is an Ohio for-profit corporation with its headquarters at 2694 Graces Run Rd., Winchester, OH 45697. Defendant can be served through its Ohio registered statutory agent: Brandi Sue Cole, P.O. Box 344, Miamitown, OH 45041.

12. At all relevant times, Defendant has been an employer within the meaning of the FLSA and Ohio law.

13. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

14. Defendant provides home health care services.

15. At all relevant times, Named Plaintiff and other similarly situated employees worked for Defendant as non-exempt hourly employees who performed home health aide services.

16. Named Plaintiff is compensated at $15.00 per hour.

17. Named Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek.

18. At all relevant times, Named Plaintiff and other similarly situated employees were required to travel to and from different patients' homes during their normal work hours to perform their job duties, including home health aide services to patients.

19. Additionally, Named Plaintiff and others similarly situated were not paid when traveling to and from different job sites within the same workday. Such work is compensable under the commonly called "continuous workday" rule

20. This unpaid work performed by Named Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

21. Moreover, this unpaid work was an integral and indispensable part of the principal activities performed by Named Plaintiff and other similarly situated employees. For example, they could not perform their home aide job duties without traveling to the home of each patient.

22. Defendant did not pay Named Plaintiff and those similarly situated employees' job-to-job travel time performed during their normal work hours, which is compensable under the FLSA and Ohio law.

23. Defendant's CSS/Intake employee, Andrea B., openly and willingly admitted to Named Plaintiff that employees' "time starts once they clock in inside the patients home and start working" and that "they are not paid for travel time." In addition, Andrea B. also stated, "Employees clock in upon arrival to their first shift of the day and clock back out when leaving that home. Employees are not paid for any in between drive time nor are they paid to drive into work or home from work."

24. As a result, Defendant intentionally failed to accurately record and compensate Named Plaintiff and those similarly situated employees for all hours worked, including their job-to-job travel, which resulted in Defendant not paying for all overtime compensation for hours worked in excess of 40 in a workweek.

25. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

26. Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

27. The FLSA Collective members who are "similarly situated" to Named Plaintiff with respect to Defendant's FLSA violation is defined as:

> **All current and former hourly employees of Defendant, including temporary workers if applicable, who performed job-to-job travel and who worked 40 or more hours during any workweek at any time from three years preceding the filing of this Complaint through final disposition of this matter.**

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of the FLSA Collective members and is acting on behalf of their interests as well as her own in bringing this action.

29. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's failure to pay Named Plaintiff and the FLSA Collective members for their job-to-job travel resulting in Defendant failing to pay Named Plaintiff and all others similarly situated an overtime premium of one and a half times their regular rate for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

30. The identities of the putative FLSA Collective members are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## **OHIO CLASS ACTION ALLEGATIONS**
(Ohio Class)

31. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other similarly situated employees who have similar claims under the laws of the State of Ohio (the "Ohio Class"), which is defined as:

> **All current and former hourly employees of Defendant in Ohio, including temporary workers if applicable, who performed job-to-job travel and who worked 40 or more hours during any workweek at any time during the two years preceding the date of the filing of this Complaint through final disposition of this matter.**

32. The Ohio Class is so numerous that joinder of all members of the Ohio Class is impracticable. The exact number of class members is unknown, but is estimated to exceed 40 individuals. The exact number as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to Ohio law. Ohio Const. art. II, §34a.

33. There are questions of law or fact common to the Ohio Class including whether Defendant failed to pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated employees, for hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective regular rates as a result of Defendant's failure to pay Named Plaintiff and other class members for time spent working in their job-to-job travel.

34. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the Ohio Class as a whole, and predominate over any questions affecting only individual Ohio Class members.

35. Named Plaintiff's claims are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories as the claims of other members of the Ohio Class.

36. Named Plaintiff and the Ohio Class have all been injured in that they have been uncompensated due to Defendant's common policy, and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

37. Named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class members.

38. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

40. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who will join this case pursuant to 29 U.S.C. §216(b).

42. At all relevant times, Named Plaintiff and the FLSA Collective members regularly worked 40 or more hours per workweek for Defendant.

43. Named Plaintiff and the FLSA Collective members were not paid for all time worked, as described above.

44. Named Plaintiff and the FLSA Collective members were not paid lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in violations of the FLSA.

45. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the FLSA Collective members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

46. Defendant failed to pay Named Plaintiff and the FLSA Collective members the required overtime compensation.

47. Defendant's practice and policy of not paying Named Plaintiff and the FLSA Collective members for all overtime worked violated the FLSA.

48. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

49. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

50. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## COUNT TWO
**(Ohio Class - Overtime Violations)**

51. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. Named Plaintiff brings this claim for violation of the OMFWSA, on behalf of herself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

53. At all relevant times, Named Plaintiff and the Ohio Class members regularly worked 40 or more hours per workweek for Defendant.

54. Named Plaintiff and the Ohio Class members were not paid for all time worked, as described above.

55. Named Plaintiff and the Ohio Class members were not paid for lawful overtime compensation of one and one-half times their regular rates for all hours worked in excess of 40 in a workweek, resulting in overtime violations of Ohio law.

56. Defendant failed to pay Named Plaintiff and the Ohio Class members the required overtime compensation.

57. At all relevant times, Defendant knew it was required to pay Named Plaintiff and the Ohio Class members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

58. Defendant's practice and policy of not paying Named Plaintiff and the Ohio Class members for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the OMFWSA.

59. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

60. As a result of Defendant's violations of the OMFWSA, Named Plaintiff and the Ohio Class members were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of herself and others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in pursuant to the FLSA, 29 U.S.C. §216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and the Ohio Class members;

C. Enter judgment against Defendant and in favor of Named Plaintiff, the Opt-Ins who join, and the Ohio Class;

D. Award Named Plaintiff, the Opt-Ins who join, and the Ohio Class actual damages for unpaid wages;

E. Award Named Plaintiff and the Opt-Ins who join liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the Opt-Ins;

F. Award Named Plaintiff, the Opt-Ins who join, and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

G. Award Named Plaintiff, the Opt-Ins who join, and the Ohio Class all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

H. Award Named Plaintiff, the Opt-Ins who join, and the Ohio Class any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Robi J. Baishnab (0086195)
1360 E. 9th St., Ste. 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Named Plaintiff*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*

*Counsel for Named Plaintiff*

12