IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Christine Allen, on behalf of herself and all others similarly situated | : : : | |
| | : | Case No. 1:25-cv-225 |
| Plaintiff, | : : | Judge Susan J. Dlott |
| v. | : : | |
| Amaramedical Health Care Services, Inc., | : : : | Order Denying in Part and Granting in Part Motion to Dismiss Amended Complaint |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Motion to Dismiss Amended Complaint filed by Defendant Amaramedical Health Care Services, Inc. (Doc. 11.) Plaintiff Christine Allen has filed an Amended Collective and Class Action Complaint ("Amended Complaint") asserting that her employer, Amaramedical, has violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Ohio Minimum Fair Wage Standards Act ("Ohio MFWSA"), Ohio Revised Code chapter 4111, by not paying its employees for their required travel time between patients' homes and for job-related duties. (Doc. 10.) Amaramedical moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court will **DENY IN PART AND GRANT IN PART** the Motion to Dismiss.

I.  BACKGROUND

A.  Factual Allegations

The following well-pleaded factual allegations in the Amended Complaint are taken as true for purposes of the Motion to Dismiss. Allen is a non-exempt hourly employee at Amaramedical. (Doc. 10 at 46.) She and similarly-situated employees performed home health

1

aide services for the company. (Doc. 10 at PageID 47.) They routinely worked forty hours or more per week. (*Id.*) They "were required to travel between patients' homes during their normal work hours to provide health aide services and other job-related duties." (*Id.*) Amaramedical required employees to clock in at each patient's home and to clock out upon leaving, "even when they were continuing their shift by traveling to another assigned client or performing work-related tasks." (*Id.*) Allen and the similarly-situated employees "were not paid when traveling to and from different job sites during the same workday." (*Id.*) This unpaid time included (1) the travel time between clients' homes; (2) time spent at a client's home when they were unable to clock in because the client was not home; and (3) and time spent on work-related activities such as "picking up prescriptions, groceries, or supplies for clients." (*Id.* at PageID 47–49.) As a result, Amaramedical did not accurately record all hours worked and did not pay Allen and similarly-situated employees overtime compensation for hours worked in excess of forty per workweek. (*Id.* at PageID 50.)

**B.** **Procedural Posture**

Allen filed the Amended Complaint asserting claims on behalf of herself and other similarly-situated employees based on Amaramedical's failure to pay employees overtime compensation for hours worked in excess of forty per week under the FLSA and the Ohio MFWSA. (*Id.* at PageID 53–56.) She seeks to assert an "opt-in" FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of:

> All current and former hourly employees of Defendant, including temporary workers if applicable, who performed job-to-job travel and who worked 40 or more hours during any workweek at any time from April 9, 2022, through final disposition of this matter.

(*Id.* at PageID 50.) Likewise, she seeks to certify a class pursuant to Federal Rule of Civil Procedure 23 to pursue a claim under Ohio MFWSA as follows:

2

> All current and former hourly employees of Defendant in Ohio, including temporary workers if applicable, who performed job-to-job travel and who worked 40 or more hours during any workweek at any time from April 9, 2023, through final disposition of this matter.

(*Id.* at PageID 51.)

Amaramedical now moves to dismiss the Amended Complaint. (Doc. 11.) Allen filed a Response in Opposition, to which Amaramedical filed a Reply. (Docs. 13, 15.) Allen also moved for leave to file a Sur-Reply, but the arguments made therein were not dispositive to the adjudication of the Motion to Dismiss. (Doc. 16-1.)

## II.  STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts do not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

## III.  ANALYSIS

Allen alleges in the Amended Complaint that Amaramedical failed to pay her and similarly-situated employees overtime pay to which they were entitled in violation of the FLSA and the Ohio MFWSA. (Doc. 10.) The FLSA and the Ohio MFWSA require that employers pay

3

employees overtime compensation for hours worked in excess of forty hours per week at a rate of at least one and one-half time the regular rate. 29 U.S.C. § 207(a); Ohio Rev. Code § 4111.03(A). Amaramedical moves to dismiss on two bases. First, Amaramedical contends that the Complaint should be dismissed because Allen failed to state plausible FLSA and Ohio MFWSA claims as a matter of law. Second, Amaramedical argues that Allen failed to plead facts sufficient to establish willful violations of the FLSA. Allen disputes these arguments. The Court will examine the FLSA and Ohio MFWSA claims together as it analyzes the dismissal arguments. "Because the FLSA and the OMFWSA have the same overtime requirements, the outcomes will be the same and the claims can be evaluated together." *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 385 n.1 (6th Cir. 2016).

**A.     Did Allen Sufficiently Plead FLSA and Ohio MFWSA Claims?**

Amaramedical primarily contends Allen's FLSA and Ohio MFWSA claims must be dismissed based on application of the travel provision Portal-to-Portal Act, which amended the FLSA. The Portal-to-Portal Act provides that "travel to and from the actual place of performance of the principal activity or activies . . . which occur[s] either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities" is not compensable under the FLSA. 29 U.S.C. § 254(a)(1); *see also* Ohio Rev. Code 4111.031 (substantially similar). That is, the Portal Act provides that employers do not need to pay employees for their commute time to and from work. Amaramedical argues that the travel time for which Allen seeks compensation was noncompensable because it occurred prior to or subsequent to the principal activities of providing health care at clients' homes.

Amaramedical's argument fails to persuade the Court at this pleadings stage. The Court

4

will not dismiss Allen's claims on the basis of the Portal-to-Portal Act because Allen explicitly states in the Amended Complaint that she "is not seeking compensation for ordinary commute time before or after the start and/or end of the workday." (Doc. 10 at PageID 48.) Instead, she is seeking compensation for time spent traveling between her clients' separate homes and for work-related errands during her workday. The FLSA regulations provide that "[t]ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." 29 C.F.R. § 785.38. The regulations also state that "[a]ny work which an employee is required to perform while traveling must, of course, be counted as hours worked." 29 C.F.R. § 785.41. Allen has pleaded sufficient facts to make it plausible that her travel from one client's home to another client's home and performing job-related errands are part of her principal activities under these FLSA regulations.

Amaramedical's reliance on *Forrester v. American Security and Protection Service LLC*, No. 21-5870, 2022 WL 1514905 (6th Cir. May 13, 2022), wherein FLSA claims were dismissed, does not require a contrary result. A different provision of the Portal-to-Portal Act was at issue in *Forrester*. The Portal-to-Portal Act also makes noncompensable "activities which are preliminary to or postliminary to said principal activity or activities, [and] which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities." 29 U.S.C. § 254(a)(2). In *Forrester*, the plaintiff alleged that her employer violated the FLSA because it did not pay employees for the 10- to 15-minute periods before and sometimes after their scheduled shifts—called "pass down"—where they performed "several shift-change duties." 2022 WL 1514905, at *1. The issue was whether Forrester pleaded sufficient facts to plausibly allege that the pass down activities were compensable principal activities, rather than

5

noncompensable preliminary or postliminary duties under the Portal-to-Portal Act. *Id.* The Sixth Circuit found that Forrester had failed to state a plausible claim for relief because her complaint did not "provide *any* information about what 'pass down' entailed" to help establish whether pass down time was compensable under the FLSA. *Id.* at *2. Amaramedical argues that in this case, likewise, Allen failed to provide facts to explain why her travel time should be compensable.

The Court does not agree. Unlike in *Forrester*, Allen alleges specific facts about the time and activities for which she seeks to be paid. She seeks compensation for travel time between clients' homes, time spent at clients' homes when unable to clock in for the scheduled appointment, and for time spent on worked-related errands such as picking up prescriptions, groceries, or supplies for clients. (*Id.* at PageID 47–49.) She has stated at least a plausible claim at the pleading stage that such intra-workday activities should be considered principal activities. The Court, therefore, will not dismiss Allen's FLSA or Ohio MFWSA claims for failure to state a claim upon which relief can be granted.

**B.      Did Allen Plead Willful Violations of the FLSA?**

In its second argument, Amaramedical contends that Allen failed to allege willful violations of the FLSA in the Amended Complaint. Willful violations of the FLSA are subject to a three-year statute of limitations, but non-willful violations are subject to two-year statute of limitations. 29 U.S.C. § 255(a).[1] An FLSA violation is only willful if "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Scheck v. Maxim Healthcare Servs., Inc.*, 333 F. Supp. 3d 751, 758 (N.D. Ohio 2018) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1988)). Negligent non-compliance with

---

[1] The statute of limitations for overtime compensation claims under the Ohio MFWSA is two years. Ohio Rev. Code § 2305.11.

the FLSA is not willful. *Id.* For a willfulness allegation to survive a dismissal motion, the plaintiff "must plead facts about the defendant's mental state which, accepted as true, make the state-of-mind allegation plausible on its face." *Katoula v. Detroit Ent., LLC*, 557 F. App'x 496, 498 (6th Cir. 2014) (internal quotation and citation omitted) (regarding willful violations of the FMLA).

> These are the relevant factual allegations in the Amended Complaint:
>
> 23. Defendant knowingly and willfully engaged in the violations of the FLSA and Ohio law outlined herein.
>
> 24. Defendant knew or should have known that employees were continuing to perform work and travel on its behalf after clocking out, yet failed to take any steps to ensure that this time was captured or compensated in compliance with the FLSA.
>
> 25. For example, Defendant's CSS/Intake employee, Andrea B., openly and willingly admitted to Named Plaintiff that employees' "time starts once they clock in inside the patients home and start working" and that "they are not paid for travel time." In addition, Andrea B. also stated, "Employees clock in upon arrival to their first shift of the day and clock back out when leaving that home. Employees are not paid for any in between drive time…."
>
> 26. For example, on multiple occasions, Plaintiff had to affirmatively text her supervisor to explain that she was at a client-home but could not clock in. For example, on July 17, 2024, Plaintiff texted her supervisor, Yvonne, that she was at a client's home, but could not clock in, which means Plaintiff was on site but her work time was not being recorded, and therefore, not paid. On July 19, 2024, Plaintiff again had to text Yvonne that she was at a client's home but that she could not clock in, to which Yvonne responded, "I will fix it."
>
> 27. In an undated text with Yvonne, Plaintiff was asked if she worked that week, to which Plaintiff explained that she arrived at a client's home, but the client was not there. There is no indication that Defendant paid Plaintiff for the time that she was on site, even though a full shift could not be worked with the client not being home.
>
> 28. There is no indication that Plaintiff was paid for any of the time that went unrecorded, and these texts demonstrate the Defendant was fully aware that work time was going unrecorded and unpaid.

(Doc. 10 at PageID 48–50.)

The Court agrees with Amaramedical that these allegations are not sufficient to establish willfulness. The allegations in paragraphs 23–24 are conclusory and insufficient to state a willful violation. Likewise, the allegations concerning Andrea in paragraph 25 merely indicate that Andrea reiterated the company policy to not pay for travel time between clients' homes—the same policy Amaramedical defends in this suit. Andrea's statement does not indicate that Amaramedical knew or should have known that Allen should be paid for that travel time, or stated differently, that its policy violated the FLSA. *See Claeys v. Gandalf, Ltd.*, 303 F. Supp. 2d 890, 893–894 (S.D. Ohio 2004) (stating that mere denial of pay pursuant to company policy does not indicate willfulness, especially where the company defends its policy in a subsequent lawsuit). The Court concludes that Allen has not alleged sufficient facts to establish willfulness for the failure to pay for client-to-client travel time. The Court will apply a two-year statute of limitations to the travel time allegations. 29 U.S.C. § 255(a).

The allegations concerning Yvonne in paragraphs 26 through 28 come closer to providing plausibility of the requisite willfulness. The allegation that Yvonne stated that she would "fix" Allen's time-worked records for a given day because Allen was unable to clock in at a client's home suggests that Yvonne believed Allen should be paid for her time at the client's home that one day. The allegations are not sufficient, however, to plausibly state a claim that Amaramedical knew that such unpaid time caused her to work more than forty hours such that she should have received overtime compensation for that pay period, much less for other pay periods. The cases that Allen relies upon are distinguishable and do not compel a different conclusion. In *Heeg v. United Electrical Contractors, Inc.*, a summary judgment case, the evidence of willfulness included that the employer required its employees to perform unpaid work that the employer handbook specifically stated was to be performed by different set of

8

employees.  No. 1:21-cv-796, 2023 WL 7295153, at *9 (W.D. Mich. Nov. 6, 2023).  In *Dozier v. Alliance Global Solutions, LLC*, the allegations of willfulness included that the defendants "edited out" hours worked from their recordkeeping system.  No. 3:24-cv-348, 2024 WL 4445714, at *7 (M.D. Tenn. Oct. 8, 2004).  In contrast, the allegations here do not indicate a similar degree of willfulness.  The Court concludes that Allen has not sufficiently pleaded willful violations by Amaramedical.

IV.  CONCLUSION

For the reasons explained above, Amaramedical's Motion to Dismiss Amended Complaint (Doc. 11) is **DENIED IN PART AND GRANTED IN PART**.  The Motion to Dismiss is denied insofar as Allen's FLSA and Ohio MFWSA claims are not dismissed.  The Motion to Dismiss is granted to the extent that Allen's allegations of willful FLSA violations are dismissed as insufficient.  The Court will apply a two-year statute of limitations to Allen's claims.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

9